HARDING GLASS COMPANY *v.* DAVIS.

4-8270                       204 S. W. 2d 880

Opinion delivered October 20, 1947.

*Daily & Woods,* for appellant.

*Grant & Rose,* for appellee.

ROBINS, J. The Workmen's Compensation Commission awarded appellee compensation from November 2, 1945, to January 16, 1946, at the rate of $20 per week and also hospital and surgical fees amounting to $203.75, on his claim against appellant, Harding Glass Company, his employer, for disability from hernia. On appeal the circuit court entered judgment affirming the Commission's award.

Appellants ask us to reverse the judgment of the lower court, and the award of the Commission, on the ground that the hernia suffered by appellee did not meet the specifications of the Workmen's Compensation Act as to hernia compensable under the Act,* which require that before a claim for disability on account of hernia may be allowed the Commission must be satisfied:

"(1) That the descent of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

"(2) That there was severe pain in the hernial region;

"(3) That such prostration resulted so that the employee was compelled to cease work immediately."

---

* Act No. 319 of 1939.

Appellee was wheeling glass in the plant of appellant in a cart and while dumping his load, weighing five or six hundred pounds, he felt a stinging in his left side. When he took a bath that night he noticed a "ridge" in the place where he had felt the "stinging." The next morning he showed the "ridge" to his brother. His brother, who had previously suffered a hernia, expressed the opinion that appellee had a rupture. He then reported the injury to a representative of his employer who sent him to a clinic. A physician at the clinic examined him and told him he had a definite hernia which would finally break through, but advised him to continue work as long as he was able. On advice of this physician he was off from work for eight days (for one day of which he was paid compensation) then returned to work. On September 27, 1945, appellee attempted to tilt a heavily loaded barrow and on the following morning felt a soreness, which caused him to go back to the clinic. The doctors at the clinic, who examined him then and again on October 16, 1945, found that he had a "potential hernia."

On October 27, 1945, appellee filed a claim for compensation and a request that he be operated on for the hernia at the expense of his employer and its insurance carrier, as provided for in the Workmen's Compensation Act.

Testifying before the Commission on October 25, 1945, Dr. Crigler, one of the physicians at the clinic who had examined appellee, said: "Q. Do you think he should be operated on? A. That is the only way he will get permanent relief." (Afterwards Dr. Crigler testified that he meant that the claimant was in such a mental state that it was best to operate on him.)

A statement from Dr. H. B. Thompson to this effect was introduced: "I found him [appellee] with an acute left protruding inguinal hernia which was giving him quite a bit of pain and he was unable to work at this time, therefore I advised him to have immediate surgery." Dr. Thompson's examination occurred one week before he was operated on by Dr. Thompson on November

2, 1945. Dr. Thompson stated that he operated on appellee for protruding inguinal hernia.

It was shown in this case that appellee, while engaged in his work, on two occasions suffered a severe strain, with ensuing pain in the inguinal region, and that an examination on one occasion disclosed a partial or "potential" hernia, and that following the last strain a physician found an acute protruding hernia. The physician to whom the employer sent appellee, when the injury first developed, directed him to desist from work for eight days, and the employer's insurance carrier actually paid him for one day's disability from that cause. After the second strain a hernia, necessitating an operation, ensued.

When all the facts and circumstances shown by the proof are considered, we cannot say that the Commission did not have reasonable grounds for determining that the requirements for compensable hernia had been met in this case.

Accordingly the judgment of the lower court is affirmed.